IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN STEPHEN COLEMAN, AIS# 223809, | ) ) ) |
| Petitioner, | ) ) |
| VS. | ) CIVIL ACTION NO. ) 2:06-CV-669-MEF ) |
| GWENDOLYN MOSLEY, et al, | ) ) ) |
| Respondents. | ) ) |

## RESPONDENTS' ANSWER TO COURT'S
## ORDER TO SHOW CAUSE

Come now Respondents, by and through the Attorney General of the State of Alabama, and file their response to this Court's Order to Show Cause dated July 28, 2006, giving the Respondents until August 17, 2006, in which to file a response to the Petition for Writ of Habeas Corpus filed by the Petitioner, John Stephen Coleman. In response, Respondents file the following answer, memorandum brief, and exhibits.

## PROCEDURAL HISTORY

1. On May 23, 2002, Coleman was found guilty by a jury of manslaughter and, on June 25, 2002, was sentenced to 20 years' imprisonment. Petition, pp. 1-2.

2. Coleman's conviction was affirmed on direct appeal by the Alabama Court of Criminal Appeals in an unpublished memorandum issued on February 28, 2003. State's Exhibit A, p. 1. After the Alabama Supreme Court denied certiorari review, the Court of Criminal Appeals issued its certificate of judgment on August 15, 2003. Id.

3. Coleman filed a petition for post-conviction relief pursuant to Rule 32 of the Alabama Rules of Criminal Procedure on August 5, 2004, arguing that his trial counsel was ineffective. State's Exhibit A, pp. 1-2. The circuit court summarily denied Coleman's petition on September 14, 2004. Id., p. 2. The Alabama Court of Criminal Appeals affirmed this denial in an unpublished memorandum issued on June 10, 2005, and issued its certificate of judgment on November 14, 2005. Id., pp. 1-4; State's Exhibit B.

## COLEMAN'S FEDERAL HABEAS CLAIMS

4. On July 24, 2006, Coleman filed a writ of habeas corpus petition raising the following claims:

> (1) The racial makeup of his jury violated Batson v. Kentucky, 476 U.S. 79 (1986); and

2

(2) His trial counsel had a conflict of interest.

Petition, pp. 6-7.

5. On July 28, 2006, this Court entered an order requiring Respondents to show cause why Coleman's habeas corpus petition should not be granted, giving until August 17, 2006 in which to respond.

## ANSWER TO THE PETITION

6. Coleman's federal habeas corpus petition is untimely under the one-year statute of limitation provision of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

7. Respondents admit Coleman is presently incarcerated in a state facility resulting from his conviction for manslaughter, but deny he is in custody in violation of the laws or constitution of the United States. Coleman's convictions and sentences were validly and constitutionally obtained.

## MEMORANDUM BRIEF IN SUPPORT OF ANSWER

8. Coleman's petition is barred by the one-year statute of limitation set out by the AEDPA. According to **28 U.S.C.A. § 2244(d)**:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

3

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Alabama Court of Criminal Appeals issued its certificate of judgment in Coleman's direct appeal on August 15, 2003. He then had 90 days, until November 13, 2003, in which to file a petition for writ of certiorari with the United States Supreme Court, at which time the limitation period began to run. Because Coleman filed a timely Rule 32 petition on August 5, 2004, however, the running of the limitation period was effectively tolled until the Court of Criminal Appeals issued its certificate of judgment on November 14, 2005. See Jones v. Nagle, 349 F.3d 1305, 1307-1308 (state petition for collateral relief remains pending for purposes of tolling the AEDPA "until the application has achieved final resolution through the State's post-convictions procedures.") Accordingly, the limitation period ran 266 days from November 13, 2003 until August 5, 2004, and 252 more

4

days from November 14, 2005, until he filed his habeas petition on July 24, 2006, for a total of 518 days. Because this period is more than one year, Coleman's petition is precluded under the AEDPA.

## CONCLUSION

Based upon the foregoing authorities and facts, Coleman's federal habeas corpus petition should be dismissed with prejudice.

> Respectfully submitted,
>
> Troy King (KIN047)
> Attorney General
> By:
>
>
> s/John M. Porter
> John M. Porter (ASB5818-P77J)
> Assistant Attorney General

# EXHIBITS

Exhibit A   -   Court of Criminal Appeals decision in Coleman's Rule 32 petition. <u>John Stephen Coleman v. State</u>, CR-03-2133, mem. op. (Ala. Crim. App. Jun. 8, 2005).

Exhibit B   -   Court of Criminal Appeals's Order issuing certificate of judgment in CR-03-2133).

6

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>17th</u> day of August 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document (including all exhibits) to the following non-CM/ECF participants: <u>John Stephen Coleman, AIS 223809, Easterling Correctional Facility, P.O. Box 10, Clio, AL 36017-0010.</u>

                Respectfully submitted,

                s/John M. Porter
                John M. Porter(ASB5818-P77J)
                Office of the Attorney General
                Alabama State House
                11 South Union
                Montgomery, AL  36130-0152
                Telephone: (334) 242-7300
                Fax: (334) 242-2848
                E-Mail: JPorter@ago.state.al.us

166301

*Ellis*
*71225*

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals
State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555

**RELEASED**
**JUN 1 0 2005**
CLERK
ALA COURT CRIMINAL APPEALS

H.W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-03-2133                    Bullock Circuit Court CC-01-99.60

John Stephen Coleman v. State of Alabama

SHAW, Judge.

John Stephen Coleman appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his 2002 conviction for manslaughter and his resulting sentence of 20 years' imprisonment. This Court affirmed Coleman's conviction and sentence on direct appeal in an unpublished memorandum issued on February 28, 2003. See Coleman v. State, (No. CR-01-2065) 870 So. 2d 766 (Ala. Crim. App. 2003) (table). The Alabama Supreme Court denied certiorari review and this Court issued a certificate of judgment on August 15, 2003.

Coleman filed the present petition on August 5, 2004, claiming that he was denied effective assistance of counsel at trial. Specifically, he argued that his trial counsel was

**EXHIBIT**
*A*

ineffective (1) for not raising a timely Batson[1] objection, and (2) for not properly cross-examining a witness for the State due to an alleged conflict of interest. After receiving a response from the State, the circuit court summarily denied the petition on September 14, 2004.

In Strickland v. Washington, 466 U.S. 668, 687 (1984), the United States Supreme Court articulated two criteria that must be satisfied to show ineffective assistance of counsel. A defendant has the burden of showing (1) that his counsel's performance was deficient and (2) that the deficient performance actually prejudiced the defense. To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Furthermore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

I.

Coleman contends that his counsel was ineffective for not raising a Batson objection to the State's use of 10 of 12 peremptory challenges to exclude black veniremembers. Summary denial of this claim was proper because Coleman failed to plead sufficiently and with specificity facts showing that he is entitled to relief. See Rules 32.3 and 32.6(b), Ala.R.Crim.P., and Moore v. State, 502 So. 2d 819, 820 (Ala. 1986).

II.

Coleman also contends that his counsel was ineffective due to a conflict of interest which resulted in no cross-examination of a witness who testified against him at trial.

Coleman's defense at trial was self-defense -- he testified that he got his own weapon only after James Clark, the victim, pulled a gun and began yelling at him, and that he

---

[1] Batson v. Kentucky, 476 U.S. 79 (1986).

2

began firing at Clark only after he heard a gunshot. Coleman argued in his petition that Rhonda Clark testified at trial that she was married to James Clark and had never known him to own a gun and that defense counsel did not cross-examine Rhonda Clark at trial. Coleman further alleged in his petition that Rhonda Clark made a lengthy statement at his sentencing hearing (Record on Direct Appeal, R. 596-99) portraying Clark "as a loving, decent, and good husband." (C. 9.) According to Coleman, Rhonda Clark and the victim were divorced in 1993 and one of his defense attorneys, Paul Brunson, had represented Rhonda Clark in those divorce proceedings. Coleman attached documentation from those proceedings -- signed by Brunson and/or Rhonda Clark -- including a summons, a copy of a complaint for divorce, and an affidavit/oral deposition, and a default judgment entered by the Barbour Circuit Court granting Rhonda Clark's divorce petition. The divorce complaint contains allegations that Clark was a violent person who physically and mentally abused Rhonda Clark. Coleman argued in his petition that

> "[f]ailure to pursue this strategy prejudiced Coleman's defense in that prosecution evidence that James Clark did not own a gun, and, thus, most likely, did not have a gun on the date in question as contended by Coleman went unchallenged when there was evidence with which to challenge such prosecution evidence. Failure to pursue this strategy further prejudiced Coleman's defense in that prosecution evidence at sentencing giving the impression that James Clark was a loving, decent, and good husband went unchallenged when there was evidence to challenge such prosecution evidence."

(C. 10.)

Initially, we note that Coleman has failed to allege facts sufficient to rebut the presumption that trial counsel's decision to forego cross examination of Rhonda Clark was sound trial strategy. In addition, there is no indication in the record that Brunson was representing Rhonda Clark at any time during his representation of Coleman in this case. Thus, prejudice is not presumed. See, generally, M.S. v. State, 822 So. 2d 449 (Ala. Crim. App. 2000). Moreover, we have review the trial transcript and, even though defense counsel did not

3

cross-examine Rhonda Clark, there was other evidence indicating that the victim owned a firearm. One witness, on cross-examination by the State, testified that he had heard that the victim had pulled a gun on a coworker approximately 2-3 years earlier. Another witness testified that he had seen the victim steal a pistol from a trailer in Florida approximately two months before the victim's death. Furthermore, Rhonda Clark's assertion that she never saw the victim with a gun was cumulative to the testimony of at least three other witnesses who testified that they also had never seen the victim with a gun. Additionally, with regard to sentencing, the transcript reflects that Clark's daughter made a statement at sentencing portraying her father favorably.

The circuit judge, in denying Coleman's Rule 32 petition, noted that he was the trial judge and that there was no material issue of fact of law that would have entitled Coleman to relief. Thus, we cannot say that, but for the lack of cross-examination of Rhonda Clark, the outcome of Coleman's trial or sentencing would have been different. Therefore, Coleman is not entitled to any relief on this claim.

Based on the foregoing, the judgment of the circuit court is affirmed.

Affirmed by memorandum.

McMillan, P.J., and Cobb and Wise, JJ., concur. Baschab, J., concurs in the result.

71225 Ellis

# THE STATE OF ALABAMA -- JUDICIAL DEPARTMENT
# THE ALABAMA COURT OF CRIMINAL APPEALS

CR-03-2133

John Stephen Coleman v. State of Alabama  (Appeal from Bullock Circuit Court: CC01-99.60)

## CERTIFICATE OF JUDGMENT

WHEREAS, the appeal in the above referenced cause has been duly submitted and considered by the Court of Criminal Appeals; and

WHEREAS, the judgment indicated below was entered in this cause on June 10th 2005:

**Affirmed by Memorandum.**

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure, it is hereby certified that the aforesaid judgment is final.

Witness. Lane W. Mann, Clerk
Court of Criminal Appeals, on this
the 14th day of November, 2005.

*[signature]*

**Clerk**
**Court of Criminal Appeals**
**State of Alabama**

cc: Hon. L. Bernard Smithart, Circuit Judge
   Hon. Wilbert M. Jernigan, Circuit Clerk
   Thomas M. Goggans, Attorney
   Hense R. Ellis, II, Asst. Atty. Gen.

EXHIBIT B