IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

JOHN STEPHEN COLEMAN, #223 809  *

    Petitioner,  *

    v.  *  2:06-CV-669-MEF

GWENDOLYN MOSLEY, WARDEN, *et al.*,  *

    Respondents.  *

_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner John Coleman on July 24, 2006. In this petition, Petitioner challenges the conviction for manslaughter entered against him by the Circuit Court for Bullock County, Alabama, on May 23, 2002. On June 25, 2002, the trial court sentenced Petitioner to 20 years' imprisonment. The Alabama Court of Criminal Appeals affirmed Petitioner's conviction on February 28, 2003. The Alabama Supreme Court of Alabama denied certiorari review and the Court of Criminal Appeals issued a certificate of judgment on August 15, 2003. By operation of law, Petitioner's convictions became final on November 13, 2003.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] Respondents contend that because

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

Petitioner's conviction became final in 2003- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts.  Respondents concede that Petitioner filed a state post-conviction petition on August 5, 2004.  They maintain, however, that even allowing a tolling of the limitation period during the pendency of this Rule 32 petition, the limitation period expired prior to Petitioner filing the present federal habeas petition. (Doc. No. 7, pgs. 3-5.); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.); *Tinker v. Moore*, 255 F.3d 1331, 1333- 1335. n.4 (11th Cir. 2001). Upon review of the pleadings filed in this case and applicable case law, it appears that Petitioner's § 2254 petition is precluded from review by this court as it was filed outside the pertinent period of limitation.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires.  Petitioner was convicted of manslaughter in the Circuit Court for Bullock County, Alabama, on May 23, 2002.   Petitioner filed a direct appeal.  The Alabama Court of Criminal Appeals affirmed Petitioner's conviction on February 28, 2003. The Alabama Supreme Court denied Petitioner's  petition for writ of certiorari and the Alabama Court of Criminal Appeals issued a certificate of judgment on August 15, 2003 (Doc. No. 7, Exh. 1.)  By operation of law, Petitioner's 2002 conviction for manslaughter became final on November 13, 2003 -- ninety days after the Alabama Court of Criminal Appeals entered its certificate of judgment -- as this is the date on which the time expired for

Petitioner to file a petition for writ of certiorari with the United States Supreme Court. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court). Thus, Petitioner's manslaughter conviction became final on November 13, 2003 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The court finds that the limitation period ran for 266 days or eight months and 23 days after Petitioner's conviction became final until Petitioner filed a Rule 32 petition in the trial court on August 5, 2004. On June 10, 2005 the Alabama Court of Criminal Appeals affirmed the lower court's judgment denying Petitioner's post-conviction petition in its entirety. The Alabama Court of Criminal Appeals issued a certificate of judgment on November 14, 2005. (Doc. No. 7, Exhs. 1, 2.) Thus, as of the aforementioned date, Petitioner had 99 days of the applicable limitation period remaining within which to file a federal habeas petition. The court, therefore, concludes that the time allowed Petitioner for the filing

of a federal habeas petition expired on February 21, 2006. Petitioner filed his federal habeas application on July 24, 2006 - 153 days or five months and 3 days after the limitation period had expired.

Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Petitioner filing the instant § 2254 petition. In light of the foregoing, it is

ORDERED that on or before September 5, 2006 Petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

DONE, this 23rd day of August, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE