In The United States District Court
For The Middle District of Alabama

John Stephen Coleman

V

Gwendolyn Mosley, et al.

2:06-CV-669-MEF

Petitioner Late Reply

Into This Court comes John Coleman (Coleman) by and thru himself! and would Now offer his Apology! because of the lateness of this Reply. To the order. Issued by Magistrate Susan Russ Walker (walker) on the 23rd day of August 2006.

Coleman would state as follows the valid reason for the lateness of his Reply   (To wit)

A. Coleman is in a Pre-Treatment Program that tends to reduce the already limited access to the Law Library!

B. Coleman being illiterate in the Art of Legal Research, Legal writing, + litigating matters of Legal Nature, plus the lack of any Legal Assistance at this institution (a Rule Violation) has attempted to comply to the best of his Ability

1 of 4

-C. Coleman does Now Submit This his Reply To This Order Issued by Walker! and Prays That it will be excepted by This Court despite, The Fact That it is Late

Coleman would Present This his Argument to the Claims Raised by Walker: That The (AEDPA) 28 USC § 2244(d) Statute of Limitation Period on filing a 28 USC § 2254. has Expired and Thereby Colemans Petition is due to be Denied for That Reason!.
Coleman will show that Pursuant to The opinion by the Eleventh Circuit, Court of Appeals of the United States. within OUSKay V Cahill-Masching. 246 F3d. 1036, The
" AEDPA does Not effect a habeas corpus. if The State Court has Not ADJUDICATED on The Merits There of." (The Records in Coleman Case The Rule 32 Petition (CC-01-99.60) was Not Addressed on The Merit of The Claims Raised but was Dismissed Summarily by The Trial Court, also The Appeal of Said Dismissal was Ruled on by The Tech--nical Action of a memmorandum Brief with no opinion Not on The Merit of The Claims Raised.

2 of 4

Therefore This Instant Petition, 28 USC § 2254 is Now due to be heard, and Pursuant to Rule #5 FRCivP. Habeas Corpus and 28 USC §§ 2247, 2248 & 2250 The [State] Respondent are Required by Law to Submit the Record of The States Case, also see "Bundy V Wainwright 808 F2d 1401" also

This Instant Petition is due to be set for a hearing on The Factual Merits of The Claims Raised within by Coleman! and Never Addressed by The State in any form except a Bare Bones Denial Thereof! Pursuant to The US Supreme Court within! "Cooper V Pate 378 US 546, 12 LEd2d 1030" (To wit)

"The Trial Court MUST except Allegations as True! When No Dispute of The Same is offered by The Respondant" also "Force V ITT Hartford Life & Annuity Ins. Co. 4 F3d 850" These Clearly Established Federal holdings are Binding, on This Instant Action within This US District Court,' as shown within. "Quinn V Hayes 234 F3d 837" Coleman does Now await The Action by Walker within This Habeas Corpus Petition and again does Apologize for The Lateness of this Reply

Coleman Prays That This Court excepts This his Reply to Walkers Show Cause order.

Respectfully Submitted
_John S. Coleman_
John Stephen Coleman Pro se

Certificate of Service

This certifies That a True copy of The Aforegoing has been Served upon all Parties, Involved herein by Placing Same in The Legal Mail System at This Institution.

done This 26 day of OCT 2006.

_John S. Coleman_
John Coleman

cc file
cc John Porter, AAG.
11 South Union Street
Montgomery, Al. 36130