IN the United STATES DISTRICT COURT

for the MiDDle DISTRICT of Alabama

RECEIVED

2007 JAN 25 A 7:46

____ P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

John Stephew Coleman          *

          v                   *    2:06-CV-669-MEF

Gwendolyn Mosley, eTAl.       *

                              *

Petitioner's LATE Reply

Into this COURT comes John Coleman (Coleman) by
and thru himself. Praise, And would now offer his apology
because of the LateNess of this reply to the order To
show cause issued by Magistrate SusAN Russ Walker
(walker) on this 23rd day of August 2006.
Coleman would STATE As follows the Valid Reason for the
LATNVESS of his Reply          (TO WIT)


-A- Coleman is in a pretreatment program, That tends to Reduce
the already Limited Acess to the "Law Library."

-B- Coleman being Illiterate in the Act of legal Research, Legal
Writing, and Litigating MAtters of a Legal nature! Plus
the Lack of any Legal assistance at This INSTITUTION (a rule
violation) hAS attempted to Comply to the Best of his
Ability.

-C- Coleman does now submit this his Reply to this order
issued by Walker
And prays that it will be excepted by this court despite
the fact that it is LATE.

Coleman would present that this argument to claim
raised by Walker: that the (AED PA" 28 USC § 2244(d) statue
of Limitation Period on filing a 28 USC § 2254 has expired
And there by Coleman's petition is due to be Denied for
that reason:

Coleman will show that pursuant to the opinion by the
Eleventh Circuit of Appeals of the United States.
within Ovskey v Crohill-Marching 246 F32 1036 The
"AED PA" Deesn not effect a habeas corpus" If the
state court has not ADJUDICATED the claims on the
merit there of. The records in Colemans case the Rule
32 Petition" CC-01-99.60 was not Addressed on the merit
of the claims Raised. But was summarliy Dismissed by the
trial court also The appeal of said Dissmissal was Ruled
on by the technical action of a Memmorandum Breif with
no opinion not on the Merit of the claims raised.
Therefore this instant Petition 28 USC § 2254 is now due
to be heard and pursuant to Rule no. 5 FR C.U.P. Habeus
Corpus and 28 USC §§ 2247 + 2249 + 2250 the (STATE)
Respondant are required by law to submit the record of the
state case also see Bundy v Wainwright 808 F2d 1401
Also this instant Potition is due to be set for a hearing
on the factual Merits of the Claims Raised within by
Coleman and Never Addressed by the STATE in any form
except a Bare bones Denial there of;

Pursuant to the U.S. Supreme Court within Cooper v
Pate 378 US 546, 122 Ed 2d 1030 to wit:

The Trial Court must except allegations
as true: when no Dispute of the same is
offered by the Respondent" also Force v
ITT Hartford Life & Annuity Ins, Co. 4 FS2d 850 These
clearly Established federal holdings are Binding on
this Instant Action within the US District Court as
shown within; Quinn v Hayes 234 F3d 837
Coleman does now Await the Action by Walker
within this Habeas Corpus Petition and again does
Apologize for the Latness of this Reply

Coleman Prays that this Court excepts this, his Reply
to Walkers order to show cause.

                          John L. Coleman Sr.
                          Respectfully sumitted
          Cerfuiate of Sevice.
This Certifies that a true Copy of the forgoing
has been Served upon all parties invoked herein by
placeing the same in the legal Mail system at This
Instution, Done the 20 day of January 2007

John Coleman 223809                 John L. Coleman Sr
E.C.F. 10A-46
200 Wallace Dr.
Clio, AL. 36017



John Coleman 223809
E.C.F. 10 A 46
200 Wallace Dr
Clio, Al. 36017

This correspondence
Alabama State Prison
evaluation, is not responsible
corrections of the enclosed communication
or content of the enclosed

UNITED STATES POST

$00.390
PITNEY BOWES

02 1P
0002404485    JAN 24 2007
MAILED FROM ZIP CODE 36017

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama
36101-0711

36101+0711-11