IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| JOHN STEPHEN COLEMAN, #223 809 | * |
| Petitioner, | * |
| v. | *   2:06-CV-669-MEF |
| | (WO) |
| GWENDOLYN MOSLEY, WARDEN, *et al.*, | * |
| Respondents. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner, John Coleman, on July 24, 2006. A jury found Petitioner guilty of manslaughter on May 23, 2002. On June 25, 2002 the Circuit Court for Bullock County, Alabama, sentenced Petitioner to 20 years' imprisonment for this conviction. The Alabama Court of Criminal Appeals affirmed Petitioner's conviction on February 28, 2003. The Alabama Supreme Court denied certiorari review and the Court of Criminal Appeals issued a certificate of judgment on August 15, 2003. By operation of law, Petitioner's conviction became final on November 13, 2003.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] Respondents contend that because

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

Petitioner's conviction became final in 2003 – **after** the effective date of the statute of limitations – he must have filed his § 2254 petition within a year of this conviction's becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents concede that Petitioner filed a state post-conviction petition on August 5, 2004. They maintain, however, that even allowing a tolling of the limitation period during the pendency of this Rule 32 petition, the limitation period expired prior to Petitioner filing the present federal habeas petition. (*Doc. No. 7 at 3-5*.). See *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335. n.4 (11th Cir. 2001). Upon review of the pleadings filed in this case and applicable case law, it appears that Petitioner's § 2254 petition is precluded from review by this court as it was filed outside the pertinent period of limitation.

Based on Respondents' argument, the court entered an order advising Petitioner that he had failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). ( *Doc. No. 8*.) The order also gave Petitioner an opportunity to show cause why his petition should not be barred from review by this court, and Petitioner filed a response. (*See Doc. Nos. 11, 12*.) Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that Petitioner's § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitations.

## I. DISCUSSION

*A. Statutory Tolling*

A one year statute of limitations is applicable to habeas corpus petitions filed in non-capital cases for persons convicted in a state court. 28 U.S.C. § 2244(d)(1).[2] 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires.

Petitioner was convicted of manslaughter in the Circuit Court for Bullock County, Alabama, on May 23, 2002. He filed a direct appeal. The Alabama Court of Criminal

---

[2]This section provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Appeals affirmed Petitioner's conviction on February 28, 2003. The Alabama Supreme Court denied his petition for writ of certiorari and the Alabama Court of Criminal Appeals issued a certificate of judgment on August 15, 2003 (*Doc. No. 7, Exh. 1*.) By operation of law, Petitioner's 2002 conviction for manslaughter became final on November 13, 2003 – ninety days after the Alabama Court of Criminal Appeals entered its certificate of judgment – as this is the date on which the time expired for Petitioner to file a petition for writ of certiorari with the United States Supreme Court. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court). Thus, Petitioner's manslaughter conviction became final on November 13, 2003 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The court finds that the limitation period ran for 265 days or eight months and 22 days after Petitioner's conviction became final before he filed a Rule 32 petition in the trial

court on August 5, 2004. On June 10, 2005, the Alabama Court of Criminal Appeals affirmed the lower court's judgment, denying Petitioner's post-conviction petition. That court issued a certificate of judgment on November 14, 2005. (*Doc. No. 7, Exhs. 1, 2*.) Thus, as of the aforementioned date, Petitioner had 100 days of the applicable limitation period remaining within which to file a federal habeas petition. The court, therefore, concludes that the time allowed Petitioner for the filing of a federal habeas petition expired on February 23, 2006. Petitioner filed his federal habeas application on July 24, 2006 – 151 days, or five months and one day, after the limitation period expired.

*B. Equitable Tolling*

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition," *Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir.2001); *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id*.

Petitioner argues as grounds for equitable tolling that he is in a pretreatment program

which limits his access to the law library, that he is uneducated and ignorant of the law, and that there is a dearth of legal assistance. He further cites to *Ouska v. Cahill-Masching*, 246 F.3d 1036 (7th Cir. 2001), as grounds for equitable tolling, maintaining that the *Ouska* decision holds that the "AEDPA does not effect a habeas corpus if the state court has not adjudicated the claims on the merit." (*Doc. No. 11 at 2; Doc. No. 12 at 2.*) Petitioner contends that the state courts did not address his claims on the merits but summarily dismissed his Rule 32 petition and, therefore, his habeas application is due to be heard. (*Id.*)

Petitioner' *pro se* status, ignorance of the law, limited law library access, and lack of legal assistance are insufficient grounds on which to toll the limitation period. *See Felder v. Johnson,* 204 F.3d 168, 171-73 (5th Cir. 2000) (ignorance of the law is insufficient rationale for equitable tolling); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.1999) (neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."); *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir.1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir.2000) (same); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998) (equitable tolling not warranted to prisoner claiming he lacked access to federal statutes and case law). Further, the *Ouska* decision referenced by Petitioner is not applicable to the case at bar and, thus, neither supports nor

establishes any grounds for equitable tolling.[3]

Based on the foregoing analysis, the court concludes that Petitioner has failed to assert any credible basis either for equitable or statutory tolling of the limitation period until he filed this cause of action. The reasons set forth by Petitioner for his untimeliness are insufficient to establish the extraordinary circumstances required to toll the limitation period. The factual predicate of the claims were available to Petitioner at the time of his conviction and sentence. Further, the claims presented in this petition are not based on a newly recognized constitutional right.

There is no evidence in the record tending to show that Petitioner' delay in filing the instant § 2254 petition was the result of extraordinary circumstances that were beyond his control and unavoidable with the exercise of diligence. Petitioner presents nothing which demonstrates that he acted diligently in pursuing his federal claims. Thus, this court "cannot say that [Petitioner] has acted with the conscience, good faith, and reasonable diligence necessary to call into action the powers of the court. This conclusion is based on the

---

[3]That portion of the decision on which Petitioner relies states:

After AEDPA, the federal habeas statute allows us to grant habeas relief only if the state court's denial of relief "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d); *see also Braun*, 227 F.3d at 916. "This standard only applies, however, to a 'claim that was adjudicated on the merits in State court proceedings.' " *Braun,* 227 F.3d at 916 (quoting 28 U.S.C. § 2254(d)).

*Ouska*, 246 F.3d at 1044.

longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5 (internal quotations omitted). Consequently, Petitioner is not entitled to equitable tolling of the limitation period as he has shown neither extraordinary circumstances nor the diligence necessary to toll the statute. *See Sandvik*, 177 F.3d at 1271.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by John Coleman be DENIED and DISMISSED with prejudice as time-barred.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 29, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    DONE, this 16th day of April, 2008.

                                       /s/ Susan Russ Walker  
                                       SUSAN RUSS WALKER  
                                       UNITED STATES MAGISTRATE JUDGE